☐ **ORIGINAL**

FILED

10 MAY 10  PM 12: 33

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY＿＿＿＿＿ DEPUTY

1 │ SEYFARTH SHAW LLP
Mariana Aguilar (SBN 208726)
2 │ E-mail: maguilar@seyfarth.com
2029 Century Park East, Suite 3500
3 │ Los Angeles, California  90067-3021
Telephone:  (310) 277-7200
4 │ Facsimile:  (310) 201-5219

5 │ Attorneys for Defendant
GC SERVICES, LP

6
7

8 │ UNITED STATES DISTRICT COURT

9 │ SOUTHERN DISTRICT OF CALIFORNIA

**By Fax**

10 │ SAN DIEGO **10 CV 0997 IEG    CAB**

11 │ BROOKE GARDNER, individually, and ) Case No. ＿＿＿＿＿＿＿＿＿＿＿＿
on behalf of a class of others similarly )
12 │ situated, )

13 │ Plaintiffs, ) **NOTICE OF REMOVAL**

14 │ v. ) **[CLASS ACTION FAIRNESS
ACTION OF 2005]**
15 │ GC SERVICES, LP )
) (San Diego Superior Court Case No.
16 │ Defendant. ) 37-2010-00088402-CU-OE-CTL)

17 │ )

18 │ )
) Complaint Filed:  March 24, 2010
19 │

20 │ 　　　TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

21 │ DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND TO HER

22 │ ATTORNEYS OF RECORD:

23 │ 　　　PLEASE TAKE NOTICE that Defendant GC Services, LP ("Defendant")

24 │ removes the above-referenced action from the Superior Court of the State of

25 │ California for the County of San Diego, to the United States District Court for the

26 │ Southern District of California, pursuant to 28 U.S.C. sections 1441 and 1446,

27 │ asserting original federal jurisdiction under 28 U.S.C. section 1332(d)(2), to effect

28

NOTICE OF REMOVAL
CASE NO. ＿＿＿＿＿＿＿＿＿＿＿

12297472v.1

1  the removal of the above-captioned action, which was commenced in the Superior

2  Court of the State of California in and for the County of San Diego and state that

3  removal is proper for the following reasons.

## BACKGROUND

5      1.      This removal involves an action that was filed in the Superior Court of

6  the State of California for the County of San Diego, entitled *Gardner v. GC*

7  *Services, LP*, Case No. 37-2010-00088402-CU-OE-CTL.

8      2.      The Complaint purports to assert five claims for relief arising out of

9  Defendant's alleged failure to observe, as to Plaintiff and a purported class of

10  similarly situated individuals, certain requirements of California state law, namely:

11  (1) payment of straight-time wages for off-the-clock work; (2) payment of

12  overtime wages pursuant to California Labor Code section 510; and (3) payment of

13  all compensation due and owing at termination, triggering waiting time penalties

14  pursuant to California Labor Code section 203.  Plaintiff also claims that

15  Defendant violated California Business and Professions Code sections 17200, et

16  seq. and asserts a cause of action for quantum meruit.

## TIMELINESS OF REMOVAL

18      3.      Defense counsel received a copy of the Summons and Complaint on

19  April 15, 2010, a copy of which is attached as Exhibit A.  Defendant was then

20  served with the Summons and Complaint on April 19, 2010 when defense counsel

21  executed the Notice and Acknowledgement of Receipt on its behalf.  A copy of the

22  Notice and Acknowledgement of Receipt is attached as Exhibit C.

23      4.      This Notice of Removal is timely as it is filed within thirty (30) days

24  of the first receipt by Defendant of a copy of a pleading, motion, order or other

25  papers from which it may first be ascertained that this action is removable.  *See* 28

26  U.S.C. § 1446(b).

27

28

-1-

NOTICE OF REMOVAL

CASE NO. _____

12297472v.1

## ORIGINAL JURISDICTION - CLASS ACTION FAIRNESS ACT

5.     The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. section 1332(d)(2). As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. section 1441(a), as it is a purported class action on behalf of over 100 individuals, the amount in controversy exceeds five million dollars, exclusive of interest and costs, and is a class action in which at least one class member is a citizen of a State different from that of Defendant.

6.     **Plaintiff's Citizenship.**  Plaintiff is a citizen of the State of California.  (Complaint ¶ 4.)

7.     **Defendant's Citizenship.**  Defendant is now, and ever since this action commenced has been, a limited partnership organized in the State of Delaware with its principal place of business in Houston, Texas.  (Complaint ¶ 3 ("GC Services is a Texas limited partnership with its principal place of business in Texas.").)

8.     The citizenship of a limited partnership is based on the citizenship of all of the members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). Defendant is owned by three separate entities: (1) GC Financial Corp., a Delaware corporation with its principal place of business in Houston, Texas, owns a 5% interest; (2) DLS Enterprises, Inc., a Delaware Corporation with its principal place of business in Houston, Texas, owns a 1% interest; and (3) DLS Enterprises Holdings, LLC, a Delaware limited liability company 100% owned by DLS Enterprises, Inc., owns a 94% interest.  Thus, together, GC Financial Corp. and DLS Enterprises, Inc., in connection with its wholly-owned subsidiary DLS Enterprises Holdings, LLC, own 100% of the partnership interest in GC Services, LP.

-2-

NOTICE OF REMOVAL

CASE NO. _____

12297472v.1

1    9.    **Amount in Controversy.** The alleged amount in controversy in this

2    class action exceeds, in the aggregate, five million dollars. The Complaint alleges

3    that the putative class consists of current and former Defendant employees who

4    worked in the State of California at telephone-dedicated call centers. (Complaint ¶

5    17.) Plaintiff alleges a class size consisting of hundreds of persons. (Complaint ¶

6    20.) Moreover, the Complaint seeks payment of wages, penalties, and attorney's

7    fees. (Complaint, Prayer ¶¶ 2-3, 5.) Thus, the amount in controversy implicated

8    by the class-wide allegations easily exceeds five million dollars as demonstrated

9    below.

10    a.    **California Labor Code § 510.** The Complaint alleges that

11    Defendant denied class members overtime pay. Defendant avers that each class

12    member, as an hourly employee, earned on average $14.50 per hour and $21.75 per

13    overtime hour. Plaintiff seeks recovery for a period extending four years before

14    the filing of the Complaint. Defendant currently employs 303 fulltime employees

15    who meet the proposed class definition. If 303 fulltime employees, earning an

16    average of $14.50 per hour, worked 30 minutes of overtime per day over four

17    years, the unpaid overtime owed on the overtime claim would exceed **$3.0 million**

18    (0.5 hours * 1.5 * $14.50 (hourly rate) * 235 days per year * 4 years * 303 fulltime

19    employees).

20    b.    **California Labor Code § 203.** The Complaint alleges a willful

21    failure to timely pay termination wages, for which the penalty is 30 days of wages.

22    The potential liability for waiting-time penalties under Plaintiff's theory is

23    approximately **$4.8 million** ($14.50 (hourly rate) * 8 hours per day * 30 days *

24    1,385 separated employees during the last four years).

25    c.    **Attorney's Fees.** The Complaint alleges that class members

26    are entitled to recover attorney's fees. (Complaint, Prayer ¶ 5.) Attorney's fees

27    requests must be taken into account in ascertaining the amount in controversy,

28    
-3-

NOTICE OF REMOVAL

CASE NO. _____

1  regardless of whether the award is mandatory or discretionary. *See Galt G/S v. JSS*
2  *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

3      10.    Because diversity of citizenship exists, the Plaintiff being a citizen of
4  the State of California and Defendant being a citizen of the State of Texas, and
5  because this is a purported class action with over 100 class members and the
6  amount in controversy exceeds five million dollars, this Court has original
7  jurisdiction pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a
8  proper one for removal to this Court.

9                       **VENUE**

10      11.    Venue lies in the United States District Court for the Southern District
11  of California pursuant to 28 U.S.C. sections 84(c)(3) and 1391.  This action
12  originally was brought in the Superior Court of the State of California, County of
13  San Diego, which is located within the Southern District of the State of California,
14  and Plaintiff resides in the County of San Diego.

15          **NOTICE OF NOTICE OF REMOVAL**

16      12.    This Notice of Removal will be promptly served on Plaintiff and filed
17  with the Clerk of the Superior Court of the State of California for the County of
18  San Diego.

19      13.    In compliance with 28 U.S.C. section 1446(a), true and correct copies
20  of all process, pleadings, and orders served in this action are attached hereto.  They
21  are: the Summons and Complaint (Exhibit A); the Notice of Case Assignment
22  (Exhibit B); and the Notice and Acknowledgement of Receipt (Exhibit C).

23

24

25

26

27

28

-4-

NOTICE OF REMOVAL

CASE NO. _____

12297472v.1

1    WHEREFORE, Defendant GC Services, LP prays that the above action

2 pending before the Superior Court of the State of California for the County of San

3 Diego be removed to the United States District Court for the Southern District of

4 California.

5

DATED: May 10, 2010                    SEYFARTH SHAW LLP

6

7

8    By _____

Mariana Aguilar

9    Attorneys for Defendant
GC SERVICES, LP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

NOTICE OF REMOVAL

CASE NO. _____

12297472v.1

**EXHIBIT A**

# ● ORIGINAL ●

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GC Services, LP

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Brooke Gardner, individually and on behalf of a class of others similarly situated

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br>F I L E D<br>CIVIL BUSINESS OFFICE 13<br>CENTRAL DIVISION<br><br>2010 MAR 24  P 3: 29<br><br>SUPERIOR COURT<br>SAN DIEGO COUNTY, CA</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego Superior Court<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2010-00088482-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason Lindner, Stueve Siegel Hanson LLP, 550 W. C St., Ste. 610, San Diego, CA 92101 619-400-5822

| DATE:<br>*(Fecha)* MAR 2 4 2010 | Clerk, by<br>*(Secretario)* M. Scott | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**EXHIBIT** A **PAGE** 1

● **ORIGINAL** ●

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Jason Lindner (211451)<br>Stueve Siegel Hanson LLP<br>550 West C Street, Suite 610<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-400-5822    FAX NO.: 619-400-5832<br>ATTORNEY FOR *(Name):* Plaintiff | *FOR COURT USE ONLY*<br><br>FILED<br>CIVIL BUSINESS OFFICE 13<br>CENTRAL DIVISION<br>2010 MAR 24 P 3: 29<br>SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>37-2010-00088402-CU-OE-CTL |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Five
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 24, 2010
Jason Lindner
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A   PAGE 2

# ORIGINAL

1  Jason Lindner (CA Bar No. 211451)
   STUEVE SIEGEL HANSON LLP
2  550 West C Street, Suite 610
   San Diego, California 92101
3  Email: lindner@stuevesiegel.com
   Tel:   619-400-5822
4  Fax:   619-400-5832

FILED
CIVIL BUSINESS OFFICE 13

2010 MAR 24  P 3: 29

COURT
SAN DIEGO COUNTY, CA

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF SAN DIEGO

10  | BROOKE GARDNER, individually, and on behalf of a class of others similarly situated, | Case No. 37-2010-00088402-CU-OE-CTL |
|---|---|
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | |
| GC SERVICES, LP, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Brooke Gardner, individually and on behalf of all other similarly situated employees of GC Services in the State of California, for their Complaint against GC Services, LP ("GC Services"), allege as follows:

1.     GC Services provides telephone-based customer service and collections services to various retail companies throughout the United States, and as applicable here, in two or more call centers in the State of California. GC Services' policy and practice is to deny earned wages and overtime pay to its telephone-dedicated call center employees ("CCEs"). GC Services' deliberate failure to pay employees their earned wages and overtime compensation violates California state law.

2.     Plaintiff is a former CCE who worked for GC Services in its San Diego call center facility. This lawsuit is brought as a class action under California state law to recover unpaid wages owed to Plaintiff and all other current and former similarly situated employees.

1

CLASS ACTION COMPLAINT

**PARTIES, JURISDICTION AND VENUE**

3.      GC Services is a Texas limited partnership with its principal place of business in Texas.  GC Services does business in the State of California.  GC Services' headquarters is located at 6330 Gulfton Street, Houston, Texas 77081.

4.      Plaintiff Brooke Gardner was a CCE and worked for GC Services in its San Diego call center facility.  She is a resident of Alpine, California.

5.      This is a civil action brought under the California Labor Code and the California Business & Professions Code.  This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10 because GC Services transacted business and committed the acts complained of in this Complaint in California.

6.      Venue in this Judicial District is proper under Code of Civil Procedure § 395 because Plaintiff Gardner is a resident of this County, GC Services carries on regular business in this County, and a substantial part of GC Services' conduct complained of herein occurred in or emanated from this County.

**GENERAL ALLEGATIONS**

7.      All CCEs share a common job description.  CCEs primarily seek to collect delinquent accounts for GC Services' customers over the phone from account holders.

8.      GC Services pays CCEs by the hour and classifies them as "non-exempt" employees who are entitled to overtime compensation when they work overtime as defined by applicable state law.

9.      GC Services engages in several practices that cause or require the Plaintiff and Class Members to work off the clock.

10.     For example, Plaintiff and Class Members are required to arrive at their work stations before their scheduled start times to perform a number of critical tasks.  Those tasks include turning on and booting up their computers, starting up various programs, and logging onto various systems.  Such tasks must be completed by CCEs before their scheduled start times so that they are ready to handle customer service calls at their scheduled start times.

2

11.     If CCEs are not ready to handle a call immediately at the start of their shift, they are subject to punishment or reprimand.

12.     Plaintiff and Class Members must either refresh their computer systems during their unpaid lunches or repeat tasks such as booting up their computers, starting up various programs, and logging into various programs during those unpaid lunch breaks.

13.     Plaintiff and Class Members must also perform work off the clock after the end of their shift due to GC Services' demands and time constraints such as finishing calls, shutting down their terminals, cleaning off their desks, reviewing memorandum, skip tracing, and other such work tasks.

14.     Further, GC Services' managers have the ability to and did alter time entries by logging CCEs of the time clock while they were still working, requiring CCEs to log out of the time clock but continue to work, and/or removing overtime recorded by CCEs.

15.     GC Services does not compensate CCEs for the time spent (1) pre-shift booting up their computers and various programs, finishing projects or paperwork from the previous day, reviewing company communications, and preparing their workstation for the day; (2) over lunch following up on paperwork, telephone calls, and reviewing company communications; and (3) post-shift finishing calls, shutting down their programs and computers, and finishing projects or paperwork.

16.     The cumulative effect of GC Services' unlawful policies and practices in GC Services' California call centers and instituted and approved by company managers is that GC Services willfully fails to pay CCEs earned compensation, including overtime, and willfully fails to keep accurate time records in order to save payroll costs.  GC Services enjoys ill-gained profits at the expense of its hourly employees.

## CLASS ALLEGATIONS

17.     This action is brought and may properly be maintained as a class action under California Code of Civil Procedure § 382.  Plaintiff brings this action, on behalf of herself and others similarly situated, as a representative member of the following proposed class (the "Class"):

3

CLASS ACTION COMPLAINT

all current and former telephone-dedicated call center employees of GC Services who have worked in the State of California during the applicable limitations period.

18.     The claims, if certified for class wide treatment, may be pursued by all similarly-situated persons who do not opt-out of the class.

19.     Plaintiff's claims satisfy all the requirements of a class action under California Code of Civil Procedure § 382.

20.     The class satisfies the numerosity standards.  The class consists of hundreds of persons.  As a result, joinder of all class members in a single action is impracticable.  Class Members may be informed of the pendency of this class action through direct mail.

21.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from GC Services' actions include, without limitation, the following:

> (i)     Whether GC Services was unjustly enriched by failing to pay its employees the straight-time and overtime wages due and owing to them;
>
> (ii)    Whether GC Services failed to pay all compensation due and owing at termination of employment;
>
> (iii)   Whether GC Services failed to properly calculate and pay overtime in accordance with state law; and
>
> (iv)    Whether GC Services' conduct constituted a violation of the California Business and Professions Code §§ 17200, *et seq.*

22.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims.

4

CLASS ACTION COMPLAINT

23.     The Class Representative's claims are typical of those of the class, in that class members have been employed in the same or similar positions as the Class Representative and were subject to the same or similar unlawful practices as the Class Representative.

24.     A class action is the appropriate method for the fair and efficient adjudication of this controversy.  GC Services has acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for GC Services, and/or substantially impair or impede the ability of class members to protect their interests.

25.     The named Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent.  The interests of the members of the class will be fairly and adequately protected by the named Plaintiff and her undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

26.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I

### Failure to Pay Straight-Time Wages in Violation of California State Law

27.     Plaintiff reasserts and re-alleges all allegations set forth above.

28.     GC Services maintained a practice of paying employees without regard to the number of hours actually worked.  GC Services' practice included requiring employees to work off the clock

5

EXHIBIT A  PAGE 7

without pay on a systematic and daily basis.  In doing so, GC Services inaccurately under-reported the amount of time worked by Plaintiff and Class Members.

29.     Because of GC Services' failures as alleged herein, Plaintiff and Class Members did not receive compensation for all hours actually worked for GC Services.  In addition, GC Services failed to pay CCEs at the agreed hourly rate.

30.     GC Services' failure to pay the correct amount of straight-time hourly wages permits a civil suit to recover wages due to Plaintiff and Class Members under California Labor Code § 218, as well as recovery of interest, reasonable attorneys' fees, and costs of suit under California Labor Code §§ 218.5 and 218.6.

## COUNT II

### Failure to Pay Overtime Wages in Violation of California State Law

31.     Plaintiff reasserts and re-alleges all allegations set forth above.

32.     Throughout the liability period, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required the payment of overtime premiums for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek.  This premium increases to double-time for all hours worked over twelve in a single workday or eight on the seventh day worked in a single workweek.

33.     Plaintiff and Class Members often worked in excess of the maximum number of hours allowed by law without payment of the applicable overtime premiums.

34.     GC Services failed to pay Plaintiff and Class Members the overtime required by California law, and failed to properly calculate recorded overtime in accordance with California law.

35.     GC Services' failure to calculate and pay the correct amount of overtime violates IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code §§ 510 and 1198.

36.     Because GC Services failed to pay overtime as required by law, Plaintiff and Class Members are entitled under California Labor Code §§ 218.5, 218.6 and 1194(a) to recover the unpaid overtime balance, interest thereon, reasonable attorneys' fees, and costs of suit.

6

CLASS ACTION COMPLAINT

**COUNT III**

**Failure to Pay All Compensation Due and Owing at Termination in**

**Violation of California State Law**

37.    Plaintiff reasserts and re-alleges all allegations set forth above.

38.    California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge.

39.    California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within seventy-two hours of that employee's notice of resignation.

40.    California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period of up to thirty days.

41.    GC Services has willfully failed to pay all compensation and wages due and owing to CCEs who terminated their employment with GC Services within seventy-two hours of the CCE's notice of resignation.  As a result, GC Services is liable to former CCEs for wages in an amount to be determined at trial.  Plaintiff and Class Members are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

**COUNT IV**

**Violation of the California Business and Professions Code §§ 17200, *et seq.***

42.    Plaintiff reasserts and re-alleges all allegations set forth above.

43.    Beginning at a date unknown to Plaintiff, but at least since four years prior to the filing date of this action, and as set forth above, GC Services committed acts of unfair competition, as defined by California Business and Professions Code § 17200, by failing to adequately and properly compensate its employees for work performed on behalf of GC Services.  These acts and practices violate the UCL in that:

        a)     the above-described failure to pay wages owed to Plaintiff and the Class

             constituted a fraudulent and deceptive business act or practice within the

7

CLASS ACTION COMPLAINT

1    meaning of the UCL;

2    b)    GC Services' violations of California statutes related to the payment of

3         straight-time wages, payment of overtime wages, and the payment of

4         wages due and owing at the time of termination of employment, as

5         enumerated above in Counts I-III, constitute unlawful business practices in

6         violation of California Business and Professions Code §§ 17200, et seq.

7         ("UCL").; and

8    c)    the harm of the above-described failure to pay wages owed to Plaintiff and

9         to the Class outweighs the utility of the practices by GC Services and,

10        consequently, constitutes an unfair business act or practice within the

11        meaning of the UCL.

12   44.    On information and belief, GC Services continues its fraudulent, unlawful and unfair

13   conduct as previously described.  As a result of said conduct, GC Services has fraudulently,

14   unlawfully and unfairly obtained monies due to Plaintiff and the Plaintiff Class and are unfairly

15   competing in the marketplace.

16   45.    Plaintiff and all individuals within the Plaintiff Class are entitled to restitution of

17   monies due, as well as disgorgement of the ill-gotten gains obtained by GC Services, for a period of

18   four years predating the filing of this Complaint.

19   46.    As a direct and proximate result of GC Services' conduct, Plaintiff and Class

20   Members are entitled to a preliminary and permanent injunction enjoining GC Services from

21   continuing the fraudulent, unlawful and unfair practices described above, and to such other equitable

22   relief as is appropriate under California Business and Professions Code § 17203, including restitution

23   as well as specific relief to enforce the provisions of the California Labor Code pursuant to Business

24   and Professions Code § 17202.

25   47.    Plaintiff and Class Members are entitled to attorneys' fees and costs for promoting the

26   interests of the general public in causing GC Services to cease its unlawful and unfair business

27

28                                         8

CLASS ACTION COMPLAINT

EXHIBIT A PAGE 10

practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

**COUNT V**

**Quantum Meruit**

48.    Plaintiff reasserts and re-alleges all allegations set forth above.

49.    From the time period between when CCEs reported to the call center until the CCEs left after their shifts, they performed valuable services for GC Services.

50.    In failing to adequately pay Plaintiff and other CCEs for their time at work pursuant to applicable law, GC Services was unjustly enriched by Plaintiff's uncompensated and/or under-compensated time.

51.    The reasonable value of Plaintiff and other CCEs' uncompensated and/or under-compensated time is readily established by GC Services' stated rates of pay in conjunction with applicable law for payment of minimum wage and overtime.

52.    As a result of GC Services' failure to adequately pay Plaintiff and other CCEs, GC Services is liable to its current and former CCEs for the reasonable value of their unpaid services in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief as follows:

1.    An order certifying that Counts I-V of the action may be maintained as a class action pursuant to California Code of Civil Procedure § 382.

2.    Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, *inter alia*, the unpaid balance of compensation owed by GC Services;

3.    Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

9

CLASS ACTION COMPLAINT

4.   An order enjoining GC Services from pursuing the unlawful policies, acts and practices complained of herein;

5.   Attorneys' fees pursuant to *inter alia*, California Labor Code § 1194(a);

6.   Costs of this suit;

7.   Pre- and post-judgment interest; and

8.   Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates San Diego, California as the place for trial.

Dated: March 24, 2010

Respectfully submitted,

By: _____
Jason Lindner (CA Bar No. 211451)
STUEVE SIEGEL HANSON, LLP
550 West C Street, Suite 610
San Diego, California 92101
Email: lindner@stuevesiegel.com
Telephone:   619-400-5822
Facsimile:    619-400-5832

Richard M. Paul III (*pro hac forthcoming*)
Ashlea G. Schwarz (*pro hac forthcoming*)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:   816-714-7100
Facsimile:    816-714-7101

J. Farrest Taylor (*pro hac forthcoming*)
Angela Mason (*pro hac forthcoming*)
COCHRAN, CHERRY, GIVENS, SMITH, LANE AND TAYLOR
163 West Main Street
Dothan, Alabama 36301
Telephone:   334-793-1555
Facsimile:    334-793-8280

10

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mark Potashnick (*pro hac forthcoming*)
WEINHAUS POTASHNICK
11500 Olive Boulevard., Suite 133
St. Louis, Missouri 63141
Telephone:      314-997-9150
Facsimile:       314-997-9170

G. Patrick Jacobs (*pro hac forthcoming*)
JACOBS LAW OFFICE
7020 MacCorkle Avenue, SE
Charleston, West Virginia 25304
Telephone:      304-926-6676
Facsimile:       304-936-8336

*Attorneys For Plaintiffs*

11

CLASS ACTION COMPLAINT

**EXHIBIT B**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7070 |

PLAINTIFF(S) / PETITIONER(S):     Brooke Gardner

DEFENDANT(S) / RESPONDENT(S):  GC Services, LP

GARDNER VS. GC SERVICES, LP

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2010-00088402-CU-OE-CTL |
|---|---|

Judge:  Jay M. Bloom                                          Department: C-70

**COMPLAINT/PETITION FILED:** 03/24/2010

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING


EXHIBIT___B___ PAGE___1___

**EXHIBIT  C**

**EXHIBIT C**

# SEYFARTH
**ATTORNEYS** SHAW LLP

131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000
fax (312) 460-7000
www.seyfarth.com

Writer's direct phone
(312) 460-5530

Writer's e-mail
ajrooney@seyfarth.com

April 19, 2010

Richard M. Paul III
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO  64112

Re:    Gardner v. GC Services, LP, Case No. 37-2010-88402

Dear Rick:

Enclosed is a signed Notice and Acknowledgment of Receipt of Summons and Other Documents for the above-captioned case.

Very truly yours,

SEYFARTH SHAW LLP

Arthur J. Rooney

Enclosure
cc:    Noah A. Finkel

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA

12257530v.1

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

EXHIBIT___C___ PAGE___1___

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jason Lindner (211451)<br>Stueve Siegel Hanson LLP<br>550 West C Street, Suite 610<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-400-5822     FAX NO. *(Optional)*: 619-400-5832<br>E-MAIL ADDRESS *(Optional)*: lindner@stuevesiegel.com<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Brooke Gardner

DEFENDANT/RESPONDENT: GC Services, LP

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2010-88402-CU-OE-CTL |
|---|---|

TO *(Insert name of party being served):* GC Services, LP

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:

Richard M. Paul III                                        ►
_____                                    _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
    Notice of Case Assignment; ADR Package; and Stipulation to Alternative Dispute Resolution
    Process

*(To be completed by recipient):*

Date this form is signed: *April 19, 2010*

Arthur J. Rooney, GC Services, LP          ►   Arth J. Roy, Attorney
_____                         _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT _C_   PAGE _2_

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )
                              )  ss
COUNTY OF LOS ANGELES         )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On May 10, 2010, I served the within documents:

**NOTICE OF REMOVAL**
**[CLASS ACTION FAIRNESS ACTION OF 2005]**

    I sent such document from facsimile machine (310) 201-5219 on . I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below on the attached Service List.

    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at Los Angeles, California, addressed as set forth below.

    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

12307704v.1

1    electronically by using the Court's ECF/CM System.

2

3    I am readily familiar with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the
4    U.S. Postal Service on that same day with postage thereon fully prepaid in the
ordinary course of business.  I am aware that on motion of the party served, service
5    is presumed invalid if postal cancellation date or postage meter date is more than
one day after the date of deposit for mailing in affidavit.
6

7    I declare that I am employed in the office of a member of the bar of this
court whose direction the service was made.
8

9    Executed on May 10, 2010, at Los Angeles, California.

10

11    _____
Laura Thixton
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12307704v.1

1

## SERVICE LIST

2

3

4

5

Jason Lindner, Esq.
Stueve Siegel Hanson LLP
550 West "C" St., Ste. 610
San Diego, CA  92101

*Attorney for Plaintiff BROOKE*
*GARDNER, individually and on behalf of a*
*class of other similarly situated*

Tel. (619) 400-5822/Fax (619) 400-5832

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12307704v.1

-3-

**ORIGINAL**

**By Fax**

JS 44 (Rev 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

**10 MAY 10 PM 12: 31**

**I. (a) PLAINTIFFS**
BROOKE GARDNER, individually, and on behalf of a class of others similarly situated

**DEFENDANTS**
GC SERVICES, LP

**(b)** County of Residence of First Listed Plaintiff ALPINE COUNTY, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant HARRIS COUNTY, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jason Lindner (SBN 211451)
Stueve Siegel Hanson LLP
550 W. "C" Street, Suite 610
San Diego, California 92101
(619) 400-5822

Attorneys (If Known)
Mariana Aguilar (SBN 208726)
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
(310) 277-7200

**10 CV 0997 IEG    CAB**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332   28: 1331
Brief description of cause:
Wage and Hour Class Action -- CAFA Removal

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
May 10, 2010

SIGNATURE OF ATTORNEY OF RECORD
Mariana Aguilar

**FOR OFFICE USE ONLY**
RECEIPT # 13349   AMOUNT $350   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

AB 05.10-10



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS013349
Cashier ID: mbain
Transaction Date: 05/10/2010
Payer Name: NATIONWIDE LEGAL
----------------------------------
CIVIL FILING FEE
 For: GARDNER V GC SERVICES
 Case/Party: D-CAS-3-10-CV-000997-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 122915
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```