SEYFARTH SHAW LLP
Mariana Aguilar (SBN 208726)
E-mail: maguilar@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Arthur J. Rooney (pro hac vice)
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
nfinkel@seyfarth.com
arooney@seyfarth.com

Attorneys for Defendant
GC SERVICES, LP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO

| | |
|---|---|
| BROOKE GARDNER, individually, and on behalf of a class of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GC SERVICES, LP<br><br>    Defendant. | Case No. 3:10-CV-00997 IEG-CAB<br><br>Hon. Irma E. Gonzalez<br><br>**ANSWER**<br><br><br><br><br><br>Complaint Filed: March 24, 2010 |

12514041v.2

ANSWER
CASE NO. 3:10-cv-00997 IEG-CAB

Defendant GC Services Limited Partnership ("Defendant" or "GC Services") answers Plaintiff Brooke Gardner's Complaint as follows:

1. Defendant admits that it provides telephone-based customer service and collections services to various companies throughout the United States and that it has two or more call centers in the State of California. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant admits that Plaintiff previously worked for GC Services in its San Diego, California call center. Defendant further admits that Plaintiff purports to bring this action as a class action under California law and that Plaintiff seeks the relief requested in Paragraph 2. Defendant denies the remaining allegations in Paragraph 2.

## PARTIES, JURISDICTION AND VENUE

3. Defendant admits that its principal place of business is in Texas, that it does business in California, and that its headquarters is located at 6330 Gulfton Street, Houston, Texas 77081. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits that Plaintiff previously worked for GC Services in its San Diego, California call center. Upon information and belief, Defendant admits that Plaintiff is a resident of Alpine, California.

5. Defendant states that jurisdiction is appropriate in this Court due to Defendant's timely removal of the action from the Superior Court of the State of California for the County of San Diego to this Court.

6. Defendant states that venue is appropriate in this Court due to Defendant's timely removal of the action from the Superior Court of the State of California for the County of San Diego to this Court.

## GENERAL ALLEGATIONS

7. Defendant admits that the job descriptions for CCEs in California are similar and that CCEs in California, among other things, perform collections work by telephone. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

## CLASS ALLEGATIONS

17. Defendant admits that Plaintiff purports to bring this action as a class action on behalf of the individuals described in Paragraph 17. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant admits that Plaintiff's proposed class consists of hundreds of persons. Defendant denies the remaining allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21 and all of its subparts.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant admits that Plaintiff's counsel is qualified and has extensive experience prosecuting employment and wage-hour class actions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and therefore denies the same.

26. Defendant denies the allegations in Paragraph 26.

## COUNT I

### Failure to Pay Straight-Time Wages in Violation of California State Law

27. Defendant repeats and re-alleges its answers to Paragraphs 1 through 26 as if fully set forth herein.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

## COUNT II

### Failure to Pay Overtime Wages in Violation of California State Law

31. Defendant repeats and re-alleges its answers to Paragraphs 1 through 30 as if fully set forth herein.

32. The allegations in Paragraph 32 are conclusions of law to which no responsive pleading is required. To the extent that any of the allegations in Paragraph 32 are deemed factual averments, they are denied.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

ANSWER
CASE NO. 3:10-cv-00997 IEG-CAB

12514041v.2

# COUNT III
## Failure to Pay All Compensation Due and Owing at Termination in Violation of California State Law

37. Defendant repeats and re-alleges its answers to Paragraphs 1 through 36 as if fully set forth herein.

38. The allegations in Paragraph 38 are conclusions of law to which no responsive pleading is required. To the extent that any of the allegations in Paragraph 38 are deemed factual averments, they are denied.

39. The allegations in Paragraph 39 are conclusions of law to which no responsive pleading is required. To the extent that any of the allegations in Paragraph 39 are deemed factual averments, they are denied.

40. The allegations in Paragraph 40 are conclusions of law to which no responsive pleading is required. To the extent that any of the allegations in Paragraph 40 are deemed factual averments, they are denied.

41. Defendant denies the allegations in Paragraph 41.

# COUNT IV
## Violation of the California Business and Professions Code §§ 17200, et seq.

42. Defendant repeats and re-alleges its answers to Paragraphs 1 through 41 as if fully set forth herein.

43. Defendant denies the allegations in Paragraph 43 and all of its subparts.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

## COUNT V

### Quantum Meruit

48. Defendant repeats and re-alleges its answers to Paragraphs 1 through 47 as if fully set forth herein.

49. Defendant admits that, for some of the time period alleged in Paragraph 49, CCEs performed valuable services for GC Services. Defendant denies the remaining allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52. Defendant denies that Plaintiff is entitled to any of the relief sought in the non-enumerated paragraphs appearing below Paragraph 52.

### AFFIRMATIVE DEFENSES

1. Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and other employees.

2. Plaintiff's claims and those of the potential class members are barred, in whole or in part, by applicable statutes of limitations, including but not limited to, California Code of Civil Procedure sections 338, 339, and 340 and California Business and Professions Code section 17208.

3. Plaintiff's claims and those of the potential class members are barred to the extent they claim hours worked that they had an opportunity to report but failed to do so.

4. Plaintiff's claims and those of the potential class members are barred to the extent they received any payments during their employment in excess of those payments that they were entitled to receive.

-5-

5. Plaintiff's claims and those of the potential class members for a penalty award under California Labor Code section 203 are barred because, Defendant did not willfully fail to comply with the compensation provisions of the Labor Code, but rather acted in good faith and based on a reasonable belief that it had paid all wages to terminating employees.

6. Defendant reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

## **PRAYER**

1. That Plaintiff take nothing for the Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;
3. That Defendant be awarded reasonable attorney's fees according to proof;
4. That Defendant be awarded the costs of suit incurred herein; and
5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: July 21, 2010                SEYFARTH SHAW LLP

By  *s/Mariana Aguilar*
    Mariana Aguilar
Attorneys for Defendant
GC SERVICES, LP
E-mail: maguilar@seyfarth.com

-6-

ANSWER
CASE NO. 3:10-cv-00997 IEG-CAB

12514041v.2

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF LOS ANGELES    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On July 21, 2010, I served the within documents:

**ANSWER**

I sent such document from facsimile machine (310) 201-5219 on . I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below on the attached Service List.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at Los Angeles, California, addressed as set forth below.

by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

12307704v.1

1    ☒    electronically by using the Court's ECF/CM System.

       I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

       I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

       Executed on July 21, 2010, at Los Angeles, California.

*/s/ Laura Thixton*
Laura Thixton

12307704v.1

-2-

## SERVICE LIST

| | |
|---|---|
| Jason Lindner, Esq.<br>Stueve Siegel Hanson LLP<br>550 West "C" St., Ste. 610<br>San Diego, CA  92101 | ***Attorney for Plaintiff BROOKE GARDNER, individually and on behalf of a class of other similarly situated***<br><br>Tel. (619) 400-5822/Fax (619) 400-5832 |
| Richard M. Paul, III<br>Stueve Siegel Hanson LLP<br>460 Nichols Rd., Ste. 200<br>Kansas City, MO  64112 | ***Attorney for Plaintiff BROOKE GARDNER, individually and on behalf of a class of other similarly situated***<br><br>Tel. (816) 714-7106 |

-3-

12307704v.1